UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICK ALLEN GILLETTE,

        Plaintiff,

  v.                                                           Case No. 23-cv-960-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE**

---

On June 13, 2023, the plaintiff filed a *pro se* complaint challenging the child support garnishment of his Social Security benefits. <u>Gillette v. Gillette *et al.*</u>, Case No. 23-cv-767-JPS, 2023 WL 4207730, *2 (E.D. Wis. June 28, 2023). He sued the state court judge, the supervisor of the Sheboygan County Child Support Agency, an employee of the Sheboygan County Clerk of Court and his former partner. <u>Id.</u> at *1. Judge J.P. Stadtmueller dismissed the case without prejudice because the suit was barred by the <u>Rooker-Feldman</u> doctrine and the domestic-relations exception. <u>Id.</u> at *3.

Weeks after the clerk entered judgment, the plaintiff filed a similar case against the Social Security Administration, seeking return of benefits that he asserts were illegally garnished under a "void" judgment. Case No. 23-cv-960, Dkt. No. 1. The plaintiff dated the complaint June 13, 2023—the same day that he filed the case with Judge Stadtmueller. The Commissioner of the Social

1

Security Administration filed a notice of appearance and requested additional time to file a certified record. Dkt. No. 5.

The court had neither screened the complaint nor issued a briefing letter, so it denied the Social Security Administration's motion for additional time as unnecessary. Dkt. No. 7. This is not an appeal of a decision granting or denying benefits, but another attempt by the plaintiff to challenge a state court judgment awarding child support and allowing the garnishment of benefits. The court will screen the complaint, deny the plaintiff's motion to proceed without prepaying the filing fee and dismiss the case.

I.  **Plaintiff's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The court first must decide whether the plaintiff can pay the filing fee; the court then screens the complaint to determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(a) and 1915(e)(2)(B)(i).

The plaintiff has filed an incomplete motion. Dkt. No. 2. Although he used a federal form titled Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (AO 240, Rev. 07/10), the plaintiff didn't complete the field that asked him to list his employer and income and didn't check any boxes identifying "other income" received from other sources. Id. at 1. In his prior motion to proceed without prepaying the filing fee, the plaintiff stated that he received $1,316 per month in "Social Security (Retirement) benefit," $2,033 per month less an "illegal deducted garnishment" of $717. Case No. 23-cv-767, Dkt. No. 2 at 1. The plaintiff also indicated he had

2

$18,306.80 in cash or in a checking or savings account. Id. at 2. In the instant motion, the plaintiff does not acknowledge receiving Social Security benefits and claims to have $3,526.99 in cash or in a checking or savings account. Case No. 23-cv-960, Dkt. No. 2 at 1-2. In addition, the expenses he lists in this case are different than those he listed in the prior case even though the cases were filed within a month of each other. Compare Case No. 23-cv-767 and 23-cv-960, Dkt. No. 2. Because the plaintiff has not given this court complete and accurate information, the court will deny the plaintiff's motion for leave to proceed without prepaying the filing fee.

The plaintiff should be aware that, even if the court had granted the motion, he nonetheless would have been "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (original emphasis); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). This is the second case the plaintiff has filed. He is responsible for paying a separate filing fee each time he files a new case—even if the court grants his motion to proceed without prepaying the filing fees.

II.     **Screening Requirement**

In cases where a plaintiff asks to proceed without prepaying the filing fee, the court must dismiss the case if it determines that the plaintiff's claims are "frivolous or malicious," fail to state a claim upon which relief may be granted

3

or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

The plaintiff is suing the Social Security Administration for garnishing his benefits under an allegedly "void" judgment. Dkt. No. 1 at 3. He alleges that the Sheboygan County Circuit Court entered a judgment on March 22, 2023 that was "void" on its face. Id. He asserts that the state court lacked jurisdiction and that the state circuit court judge "circumvented Soc Sec Act Title IV, Part D provisions and order Soc Sec Admin to illegally garnish in lieu of Sheboygan County, State of Wisconsin complying with the State Plan and Title IV Part D rules." Id. The plaintiff states that "[a]ll actions were filed with Soc. Sec. Admin after Notice of VOID Judgment," and asserts that the benefits are his only source of survival and that he was "placed below federal poverty level." Id.

It appears that the statute to which the plaintiff refers is Subchapter IV, Part D of the Social Security Act ("Child Support and Establishment of Paternity"). 42 U.S.C. §§651-667. Section 659 provides as follows:

> (a) Consent to support enforcement
> Notwithstanding any other provision of law (including section 407 of this title and section 5301 of Title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for

4

employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.

42 U.S.C. §659(a).

The plaintiff's claims in this case run up against the same legal impediments as the claims in his prior case before Judge Stadtmueller: the injury of which he complains arises from a state court judgment. The <u>Rooker-Feldman</u> doctrine makes clear that lower federal courts are not vested with authority over the state courts. <u>Sykes v. Cook Cnty. Cir. Ct. Probate Div.</u>, 837 F.3d 736, 741–42 (7th Cir. 2016). As Judge Stadtmueller explained, the "Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." <u>Gillette</u>, 2023 WL 4207730 at *2 (citing <u>Harold v. Steel</u>, 773 F.3d 884, 885 (7th Cir. 2014)).

Application of the <u>Rooker-Feldman</u> doctrine requires a two-step analysis. <u>Andrade v. City of Hammond</u>, 9 F.4th 947, 950 (7th Cir. 2019). At step one, courts consider whether "a plaintiff's federal claims are independent or, instead, whether they either directly challenge a state court judgment or are inextricably intertwined with one." <u>Id.</u> If the claims directly challenge or are "inextricably intertwined with a state-court judgment," the court next

5

determines whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings. Andrade, 9 F.4th at 950.

The plaintiff again is trying to challenge an order arising from a state court judgment that he believes to be void. The Social Security Administration is complying with the state court order to garnish the plaintiff's benefits. An order by this court requiring the Social Security Administration to return any benefits to the plaintiff would directly implicate the state court judgment. The plaintiff had an opportunity in the state court to raise his arguments regarding child support and the collection mechanisms that he believes place him below the poverty level. His claims are barred by the Rooker-Feldman doctrine. The Third, Tenth and Eleventh Circuits have held that similar claims are barred by the Rooker-Feldman doctrine. Serna v. Cooksey, No. 22-2063, 2023 WL 2320328, *3 (10th Cir. Mar. 2, 2023) (finding a challenge to the garnishment of Social Security payments barred by the Rooker-Feldman doctrine because the claim only has merit if the state court judgment was unlawful on the record); Nagy v. Social Security Administration, 689 F. App'x. 690, 691 (3rd Cir. 2017) (rejecting argument that the Attorney General was wrongfully garnishing Social Security benefits under a child support order because such claims are barred by Rooker-Feldman); Trimble v. U.S. Social Security, 369 F. App'x. 27 (11th Cir. 2010) (noting that the complaint raised claims that should be adjudicated by the state court that entered the garnishment order).

In his order dismissing the plaintiff's prior case, Judge Stadtmueller gave an additional reason for dismissing the case. The domestic-relations exception

6

Case 2:23-cv-00960-PP   Filed 09/30/23   Page 6 of 7   Document 8

to federal jurisdiction requires that federal courts avoid deciding cases involving "divorce, alimony, and child custody decrees," Marshall v. Marshall, 547 U.S. 293, 308 (2006), for reasons including state courts' superior proficiency in addressing such matters. Ankenbrandt v. Richards, 504 U.S. 689, 703–04 (1992). As Judge Stadtmueller explained, the plaintiff's complaint "falls squarely within the domestic-relations exception." Gillette, 2023 WL 4207730 at *3.

The lower federal courts—including this one—do not have the authority to review and/or overturn what the plaintiff believes to be a void state court judgment mandating child support. If the plaintiff continues to file lawsuits in this federal court seeking the return of benefits garnished under a child support order and judgment entered in Sheboygan County Circuit Court, he may face sanctions for repeatedly making frivolous claims.

### III. Conclusion

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2

The court **DISMISSES** this case for lack of jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of September, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**